IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS J. SANDOVAL,

Plaintiff,

vs. CIVIL NO. 03-01 DJS/LFG

CITY OF ALBUQUERQUE et al.,

Defendants.

**MEMORANDUM OPINION RECOMMENDING DISMISSAL**

THIS MATTER is before the Court *sua sponte*. On January 23, 2003, the Court issued its Initial Scheduling Order requiring that the parties meet and confer no later than February 14, 2003 so as to formulate a provisional discovery plan. The Court further required that the plan be filed no later than February 27, 2003, and that the parties cooperate in the preparation of an Initial Pretrial Report, which was to be submitted to chambers by February 27, 2003. The Court's order further required initial disclosures to be made within fourteen days of the meet-and-confer session, and directed counsel and parties to appear for a Rule 16 scheduling conference on March 5, 2003.

Plaintiff Dennis J. Sandoval ("Sandoval"), a *pro se* litigant, failed to respond to opposing counsel's request for information to include in the Initial Pretrial Report. Defendants submitted their portion of the Initial Pretrial Report to Sandoval, but he failed to cooperate in preparation of both the provisional discovery plan and the Initial Pretrial Report. Defendants were forced to submit only their portion of the Initial Pretrial Report together with their suggestions for the provisional discovery plan, as Sandoval provided no input.

Defendants made their mandatory Fed. R. Civ. P. 26 initial disclosures to Sandoval, but Sandoval failed to make any mandatory disclosures to counsel.

On the date scheduled for the Rule 16 hearing, defense counsel appeared, but Sandoval did not. Prior to the hearing, Sandoval neither sought nor obtained the Court's approval to be absent.

On March 7, 2003, the Court issued an Order to Show Cause to Sandoval, directing him to show cause, if any he has, why Rule 16 sanctions, including dismissal of his case with prejudice, should not be entered as a result of his failure to meet and confer, to cooperate in the preparation of a provisional discovery plan and an Initial Pretrial Report, to make initial disclosures, and to appear at the Court-ordered hearing.

Sandoval was required to submit the written response and supporting affidavit no later than March 17, 2003. Notwithstanding the deadline imposed, Sandoval failed to respond to the Court's Order to Show Cause.

**Imposition of Sanctions**

The imposition of sanctions is appropriate in the circumstances before the Court. The determination of the appropriate sanction, however, is a fact-specific inquiry. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992). The Court recognizes that dismissal of a party's lawsuit is the most extreme sanction and, therefore, is appropriate only in cases of willful misconduct. Id.; Meade v. Grubbs, 841 F.2d 1512, 1520-21 (10th Cir. 1988). If a lesser sanction will deter an errant party from further misconduct, then a sanction other than dismissal should be utilized.

In Ehrenhaus, the Tenth Circuit directed trial courts to consider a number of factors prior to choosing dismissal as an appropriate sanction. They include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the

litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and, (5) the efficacy of lesser sanctions. Ehrenhaus, 965 F.2d at 921. It is with these factors in mind that the Court determines the appropriateness of sanctions in this case.

**Degree of Actual Prejudice to Defendants**

Sandoval's failures to meet and confer, to participate in the creation of a provisional discovery plan and Initial Pretrial Report, to make Rule 26 disclosures and to appear at the scheduling conference all cause prejudice. Defendants are left to guess as to what evidence, if any, Sandoval has to support his contentions. They are unable to formulate an adequate discovery plan because they have no sure way of determining how many individuals Sandoval intends to use to prosecute his claim, and what witnesses, including experts, he intends to call. This information was all required under Fed. R. Civ. P. 26. While Defendants are generally aware of the allegations of the complaint, they are left to speculate as to many aspects of Sandoval's claims. Moreover, the prejudice they suffer includes expense and delay.

Because Sandoval has not made preliminary disclosures, Defendants would be forced to expend more time and money in discovery in pursuit of discovery. Sandoval's non-compliance has already prolonged this litigation. It would be necessary, for example, for the Court to conduct a new Rule 16 scheduling conference, which would cause Defendants to incur additional legal expenses. Moreover, several months, which could have been used to efficiently process these claims and prepare them for trial, have been lost. In the interim, a cloud of uncertainty hangs over Defendants' heads.

Thus, the Court determines that Defendants have been prejudiced by Sandoval's failures.

**Amount of Interference With the Judicial Process**

Sandoval's failure to make disclosures, prepare a provisional discovery plan and Initial Pretrial Report, as well as his failure to attend the Court's scheduling conference have interfered with the judicial process.

The Court has been unable to impose case management deadlines in compliance with Congress' mandates under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* As a result of Sandoval's failure to prepare an Initial Pretrial Report or even propose a provisional discovery plan, the Court is unaware of the amount of discovery necessary and the appropriate case management track to which this case should be assigned. Further, Sandoval's failure to appear at the Rule 16 conference caused the Court to waste precious judicial resources and time. Nothing was accomplished at the Rule 16 conference as the Court could not proceed in Sandoval's absence. Sandoval's failure to comply with his obligations thwarts the Court's ability to effectively manage this case and to bring it to a final disposition within the specified target date contemplated by the district's Civil Justice Expense and Delay Reduction Plan.

The Court concludes that Sandoval's acts and omissions significantly interfere with the judicial process.

**Culpability of the Litigant**

If the failure to comply with a discovery obligation or a court directive is the fault of an attorney rather than the litigant, then the attorney is the proper party to suffer the sanction. In Re Sanction of Baker, 744 F.2d 1438, 1440 (10th Cir. 1984), *cert. denied*, 471 U.S. 1014 (1985).

Here, Sandoval represents himself. Thus, all failures to comply with his obligations and with directives and scheduling order of the Court are his and his alone.

Sandoval's *pro se* status is of no consequences. Any argument that he should be treated either more favorably or less harshly is unavailing. *Pro se* litigants may get the benefit of more generous treatment in some ways, but they must still adhere to the same rules of procedure that govern other litigants. *See* Creative Gifts, Inc. v. UFO, 235 F.3d 540, 549 (10th Cir. 2000)("deep-sixing" *pro se* litigant's plea for leniency).

**Prior Warning of Possible Dismissal**

It typically is appropriate to warn a party that failure to follow court orders could result in dismissal of the case. Gripe v. City of Enid, Okla., 312 F.3d 1184, 1188 (10th Cir. 2002). The Court's Order to Show Cause could not have been more precise. It states in part, "Should Sandoval fail to respond or fail to show cause why sanctions, including dismissal of his case with prejudice . . . the Court will recommend dismissal of his case." Indeed, the Court specifically cites Ehrenhaus v. Reynolds in its Order to Show Cause. Thus, it is clear that Sandoval was warned that dismissal was a likely sanction.

**Efficacy of Lesser Sanctions**

Here, notwithstanding the Court's warning that the failure to comply with Court orders and directives could result in imposition of sanctions, including dismissal of his litigation with prejudice, Sandoval simply ignored the Court's directive and failed to respond. In the Court's Order to Show Cause, a lesser sanction, that is, payment of attorney fees, was proposed. Sandoval could have easily acknowledged his failures to comply with prior Court orders and to appear at the Rule 16 conference. He could have admitted culpability and accepted a lesser sanction of a simple award of costs. Instead, he did nothing. Given these repeated failures and his refusal to comply with the Court's directives,

the Court has no optimism that he would comply with any future directives if a lesser sanction were imposed.

**Conclusion**

After consideration of the Ehrenhaus factors, the Court determines that the appropriate sanction is dismissal with prejudice. Accordingly, this matter is referred to the trial judge with the recommendation that this lawsuit be dismissed with prejudice.[1]

Lorenzo F. Garcia
Chief United States Magistrate Judge

[1]Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed by April 21, 2003, no appellate review will be allowed.